NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RAMON D. BANEY,**
*Plaintiff-Appellant*

**MARION D. BANEY,**
*Plaintiff*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2024-1085

---

Appeal from the United States Court of Federal Claims in No. 1:20-cv-01037-AOB, Judge Armando O. Bonilla.

---

Decided: September 16, 2024

---

RAMON DEWAYNE BANEY, JR., Braitling, NT, Australia, pro se.

ISAAC B. ROSENBERG, Tax Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by MICHAEL J. HAUNGS; DAVID HUBBERT.

---

Before DYK, STOLL, and STARK, *Circuit Judges*.

PER CURIAM.

Ramon D. Baney appeals the final decision of the United States Court of Federal Claims granting judgment to the government on Mr. Baney's claim for a tax refund and the government's counterclaim for return of an erroneous tax refund.  We affirm.

I

Mr. Baney, a United States citizen, moved to Australia in 1995 to begin employment as an engineer/senior systems controller with a United States Department of Defense contractor at the Joint Defense Facility Pine Gap ("Pine Gap"). As a condition of his employment, Mr. Baney was required to execute a series of Internal Revenue Service ("IRS") Closing Agreements, by which he agreed to pay United States income taxes in exchange for being exempted from Australian foreign resident taxes.  Each Closing Agreement was expressly executed "in pursuance of section 7121" of the Internal Revenue Code ("I.R.C."), which is codified at 26 U.S.C. § 7121, and provided that Mr. Baney "irrevocably waives and foregoes any right" to elect a foreign earned income exclusion under I.R.C. § 911(a) on his United States tax returns.  *See, e.g.*, S. App'x 47-49.[1]

Consistent with the Closing Agreement covering tax years 2015 through 2017, Mr. Baney did not seek a § 911 exclusion when he originally filed joint tax returns (with his wife, Marion Baney[2]) for the 2016 and 2017 tax years. However, the Baneys later submitted amended tax returns

---

[1]    References to S. App'x refer to the Supplemental Appendix submitted by the government.

[2]    Although Ms. Baney was a plaintiff in the trial court, she is not an appellant, as she is not listed on the Notice of Appeal and expressly indicated that she is not participating in the appeal.

that did attempt to claim the § 911 exclusion for those years. This effort proved successful with respect to the 2016 tax year, as the IRS paid a retroactive tax refund of $17,813.13 for that year. By contrast, the IRS disallowed the 2017 amended return because it found the Baneys had waived their right to make the foreign earned income exclusion election by executing the Closing Agreement.

The Baneys sued the United States in the Court of Federal Claims, challenging the IRS' disallowance of their 2017 amended tax return and claiming entitlement to a refund of $17,003 plus interest. The government answered the complaint and also filed a counterclaim seeking recovery of the $17,813.13 refund the IRS had mistakenly remitted to the Baneys for 2016.

The parties submitted competing motions for summary judgment, both of which the trial court resolved in favor of the government. The court concluded that the Closing Agreements were valid by adopting the findings and conclusions from a factually similar case decided by the United States Tax Court, *Smith v. Commissioner of the Internal Revenue Service*, 159 T.C. 3, 2022 WL 3654871 (2022). As relevant here, the Court of Federal Claims determined that: (1) the Closing Agreements were valid and enforceable interpretations of the governing treaty between the United States and Australia; (2) the Closing Agreements were signed by duly authorized individuals; (3) Mr. Baney's claims of malfeasance, including material misrepresentation of fact, were undercut by the fact that Mr. Baney had previously executed ten nearly-identical Closing Agreements over a 20-year period; and (4) Ms. Baney's failure to sign the 2015-2017 Closing Agreement did not render it unenforceable because she subsequently ratified it by signing an identical agreement for a later period. Having thus rejected each of the Baneys' arguments, the trial court held that the valid, enforceable Closing Agreement barred the Baneys from claiming the § 911 exclusion for the relevant tax years. On this basis, the court concluded that the IRS

properly disallowed the 2017 amended tax return, and that the Baneys had received an erroneous refund for 2016.

Mr. Baney timely appealed to our court. The Court of Federal Claims had jurisdiction under 28 U.S.C. §§ 1346(a)(1), 1503. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## II

We accord de novo review to the Court of Federal Claims' rulings on motions for summary judgment. *See GSS Holdings (Liberty) Inc. v. United States*, 81 F.4th 1378, 1381 (Fed. Cir. 2023). Pursuant to Rule 56(a) of the Rules of the United States Court of Federal Claims, summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

## III

The disposition of this appeal turns on whether the Closing Agreement covering tax years 2015-2017 is valid and enforceable against the Baneys, as the government contends, or whether, instead, that Closing Agreement is invalid and the Baneys were therefore free to claim the § 911 exclusion, as Mr. Baney argues. We agree with the government that the Closing Agreement was valid and enforceable. Mr. Baney's arguments to the contrary lack merit.

We first disagree with Mr. Baney's contention that the IRS lacked authority to execute the Closing Agreements.[3] The Closing Agreements were expressly made "under and

---

[3] Mr. Baney's appeal focuses on the authority of the IRS as an agency, and does not (other than in passing) challenge the Court of Federal Claims' conclusion that the IRS delegated authority to the Acting Director of the IRS Treaty Administration to sign the Closing Agreement.

in pursuance of [I.R.C. § 7121]," S. App'x 47, which authorizes the Secretary of the Treasury "to enter into an agreement in writing with any person relating to the liability of such person (or of the person or estate for whom he acts) in respect of any internal revenue tax for any taxable period," 26 U.S.C. § 7121(a). The Secretary delegated this authority directly to the Commissioner of the IRS through 26 C.F.R. § 301.7121-1(a), which broadly permits the Commissioner to enter into a Closing Agreement "in any case in which there appears to be an advantage in having the case permanently and conclusively closed." Mr. Baney makes no persuasive argument that the IRS lacked authority to enter into the Closing Agreement due to the terms of the 1982 Income Tax Treaty or some other treaty. *See Smith*, 2022 WL 3654871, at \*11-16.

Mr. Baney next argues that the Closing Agreement is void because it contains a misrepresentation of material fact, namely that Mr. Baney's income was "subject to taxation by the Government of the Commonwealth of Australia." S. App'x 47. While § 7121 provides that "final and conclusive" Closing Agreements may nonetheless be reopened and set aside "upon a showing of fraud or malfeasance, or misrepresentation of a material fact," I.R.C. § 7121(b), Mr. Baney failed to prove that any of these bases for rescission are present here. The record lacks sufficient evidence to raise a genuine issue of material fact as to whether the government engaged in fraud, malfeasance, or misrepresentation. Showing misrepresentation of a material fact, for instance, requires establishing inducement, justified reliance, and either fraudulence or the materiality of the misrepresentation. *See* Restatement (Second) of Contracts § 164; *see also Marathon Oil Co. v. United States*, 42 Fed. Cl. 267, 276 (1998), *aff'd,* 215 F.3d 1343 (Fed. Cir. 1999) (table). Mr. Baney failed to provide evidence demonstrating each of these required elements. *See SRI Int'l v. Matsushita Elec. Corp. of Am.*, 775 F.2d 1107, 1116 (Fed. Cir. 1985) (holding "mere denials or conclusory statements are insufficient" to overcome summary judgment). Hence, even if the Closing Agreement contains incorrect

BANEY v. US

statements (and we have no occasion to assess the accuracy of these statements), Mr. Baney cannot meet the requirements for recission.[4]

Lastly, Mr. Baney briefly contends that the 2015-2017 Closing Agreement is unenforceable because it was not signed by Ms. Baney, and the tax returns at issue were filed jointly. We disagree. The only income involved here is Mr. Baney's income and there is no dispute that Mr. Baney duly executed the agreement. He, therefore, is bound by it.

## IV

We have considered Mr. Baney's remaining arguments and find them unpersuasive. For the forgoing reasons, we affirm the Court of Federal Claims' decision.

**AFFIRMED**

COSTS

No costs.

---

[4]    Given our conclusion, we need not address *Smith*'s view that misstatements of foreign law cannot qualify as misstatements of fact under § 7121(b). *See* 2022 WL 3654871, at *24.